

FILED

FEB 1 1 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

PRO-CONCEPTS, LLC,

        Plaintiff,

v.                            Civil Action No. 2:12cv573

TIMOTHY MARK RESH,

        Defendant.

## OPINION AND ORDER

This matter is currently before the Court on two Motions to Dismiss filed separately by Pro-Concepts, LLC ("Pro-Concepts" or "Plaintiff") and Timothy Mark Resh ("Resh" or "Defendant"). In the first motion, Plaintiff moves for an order dismissing Defendant's counterclaims on the grounds that Defendant failed to state a claim under Fed. R. Civ. P. 12(b)(6) "and/or to strike his counterclaims under Fed. R. Civ. P. 12(f)." ECF No. 21. The second motion before the Court is Defendant's motion to dismiss Plaintiff's claims with prejudice, which, as discussed below, the Court interprets as a motion for judgment on the pleadings asserting Plaintiff's failure to state a claim for relief under Rule 12(b)(6). ECF No. 24.

Plaintiff has filed a response in opposition to Defendant's motion; however, Defendant has not filed a reply to Plaintiff's response. With regard to Plaintiff's motion, Defendant has failed to file an opposition to Plaintiff's motion to dismiss.

1

The time for doing so has long since passed with regard to both motions. While the Court is cognizant that "[p]arties appearing pro se should be given some leeway in meeting procedural rules due to their lack of legal knowledge," Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 454 (S.D.N.Y. 2007), aff'd, 316 F. App'x 51 (2d Cir. 2009) (unpublished), Defendant has failed to file a response or a motion for an extension of time and has had almost a year to do so. The Court therefore deems the motions ripe for decision.

After examination of the briefs and the record, the Court has determined that a hearing on the instant motions is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). Thus, the Court **DENIES** Plaintiff's Request for a Hearing on these motions. ECF No. 26.

For the reasons that follow, the Court **GRANTS, in part, and DENIES, in part,** Plaintiff's Motion to Dismiss Defendant's Counterclaims; and **DENIES** Defendants' Motion to Dismiss Plaintiff's Claims.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pro-Concepts filed the instant action on October 19, 2012 asserting seven counts against Resh. Pro-Concepts' Complaint alleges causes of action for Trademark Infringement under the

2

Lanham Act, 15 U.S.C. § 1501 et seq., as amended (Count I), False Designation of Origin under 15 U.S.C. § 1125(A) (Count II), Cybersquatting under 15 U.S.C. § 1125(d) (Count III), Unfair Competition under Virginia law (Count IV), Trademark Dilution under Virginia law (Count V), Breach of Contract under Virginia law (Count VI), and Conversion under Virginia law (Count VII). See, Compl., ECF No. 1. That same day, Pro-Concepts separately moved for a preliminary injunction, based on Counts I, III, VI, and VII of the Complaint, requiring Resh to: (1) cease selling or otherwise promoting a website or services that use any designs or marks confusingly similar to or dilutive of Risk Radar; (2) immediately transfer ownership and control of the Risk Radar Enterprise ("RRE") website[1] to Pro-Concepts; (3) return any and all copies of software programs belonging to Pro-Concepts; and (4) cease any and all use of Risk Radar software or any other materials belonging to Pro-Concepts. See, Mot. for Prelim. Inj., ECF No. 3.

Resh twice moved for an extension of time to file an Answer, but, as neither motion sought an extension of time to file a response to Pro-Concepts' motion for preliminary injunction, Resh failed to respond timely to that motion. However, Resh did file a separate motion to deny the injunction

---

[1] The "RRE" website constituting the following domain name: www.riskradarenterprise.com.

on January 15, 2013. As Resh is proceeding pro-se, the Court is required to construe his filings liberally and the Court thus treated his motion to deny injunction as a response in opposition. The Court held a hearing on Pro-Concepts' motion for preliminary injunction on Wednesday, January 16, 2013 at 1:30 p.m. and each side presented testimony and offered argument in support of their respective positions. At the conclusion of the hearing, Defendant agreed to take down the "RRE" website, thus making it unavailable to the public during the pendency of the case. The Court then took Pro-Concepts' motion under advisement and directed the parties to a settlement conference before a Magistrate Judge.

On January 23, 2013, Resh filed his Answer to the Complaint in which he asserted twenty-two (22) affirmative defenses, including failure to state a claim upon which relief can be granted, and seven counterclaims. ECF No. 16. On January 28, 2013, the parties attended a settlement conference before Magistrate Judge Prince. The case did not settle, but as Pro-Concepts represented to the Court in their motion to stay filed on January 30, 2013, the parties agreed to continue the settlement discussions over the ten (10) days following the settlement conference. ECF No. 17. This Court granted the Agreed Order on Pro-Concepts' motion to stay on January 30, 2013 and stayed the case for ten (10) days. ECF No. 18. However, in

4

a February 8, 2013 motion, Pro-Concepts sought a ruling on its motion for preliminary injunction, "[b]ecause the harms described by [Pro-Concepts] in its Motion … continue and the issues described therein remain unresolved." Mot. for Ruling on Prelim. Inj. ¶ 10, ECF. No. 19. On February 20, 2013, Resh filed a motion for ruling on his motion to deny injunction. ECF No. 23. On October 22, 2013, the Court issued a lengthy and detailed opinion denying Pro-Concepts' request for a preliminary injunction. ECF No. 30.

On February 19, 2013, Pro-Concepts filed a motion to dismiss Resh's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b) and to strike such claims pursuant to Rule 12(f). ECF No. 21. Resh has not filed a response in opposition to this motion.

However, on February 27, 2013, Resh filed a motion to dismiss Pro-Concepts' claims with prejudice based on representations Pro-Concepts' counsel made at the settlement conference. ECF No. 24. Pro-Concepts responded to Resh's motion to dismiss on March 7, 2013, however, Resh has not filed a reply to this response. ECF No. 25. On March 21, 2013, Pro-Concepts requested a hearing on both pending motions to dismiss. ECF No. 26. Subsequently, the Court issued a second order on April 1, 2013 directing the parties to appear at a settlement conference before a Magistrate Judge, which was held on April

12, 2013.  ECF No. 28.  The Court then held a telephonic status conference with the parties upon their request on May 7, 2013. As noted above, the Court issued a lengthy Opinion and Order on October 22, 2013, denying Plaintiff's request for a preliminary injunction.  Because that October 22, 2013 Opinion and Order contained a detailed statement of the facts of this case, the Court will not go into these facts in detail here.

Having received such written filings, oral testimony, and oral argument, and having given the parties sufficient time to try to resolve their dispute in settlement conferences, this matter is now ripe for decision.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Motion to Dismiss

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555.  "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"

6

Id. at 556. The Fourth Circuit recently explained the standard as follows: "To survive a Rule 12(b)(6) motion to dismiss, a complaint must establish 'facial plausibility' by pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Clatterbuck v. City of Charlottesville, 708 F.3d 549, 554 (4th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

In assessing the merits of a Rule 12(b)(6) motion to dismiss, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011)). Furthermore, a district court "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, 684 F.3d at 467 (quoting Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). However, while a district court must construe well-pled facts in the light most favorable to the plaintiff, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, Ltd. v.

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). If a plaintiff fails to allege facts sufficient to plausibly infer that such plaintiff is entitled to relief, then dismissal must be granted.

With these pleading standards in mind, the Court must also consider the prior admonitions of the Supreme court, recognizing that the pleadings of a pro se litigant are held to a less stringent standard. "As the Court unanimously held in Haines v. Kerner, a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears '"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972)) (internal citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Dolgaleva v. Virginia Beach City Public Schools, 364 Fed. Appx. 820 (4th Cir. 2010) (relying on Atherton v. Dist. Of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) for the proposition that pro se complaints "must be held to less stringent standards then formal pleadings" but that "even a pro se complaint must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'").

## B. Rule 12(f) Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an <u>insufficient defense</u> or any <u>redundant, immaterial, impertinent,</u> or scandalous matter." (emphasis added). However, as recognized in <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 974-76 (9th Cir. 2010), Rule 12(f) is not a proper vehicle for procuring the dismissal of all or part of a pleading on the ground that it fails to state a claim for relief. Such relief is better sought by use of Rule 12(b)(6).

Furthermore, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" <u>Waste Mgmt. Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1380, 647 (2d ed. 1990)). "It is a 'generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant.'" <u>Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.</u>, 709 F. Supp. 2d 432, 437 (E.D. Va. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1382 (3d. ed. 2004)). "Nevertheless, 'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid

defense to the action can and should be deleted.'" Id.

### C. 12(c) Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Federal Rule of Civil Procedure 12(h)(2) "provides that the defense of failure to state a claim upon which relief can be granted, as set forth in Rule 12(b)(6), may be raised 'by motion for judgment on the pleadings [pursuant to Rule 12(c)], or at the trial on the merits.'" Shooting Point, L.L.C. v. Cumming, 238 F. Supp. 2d 729, 735 (E.D. Va. 2002) aff'd, 368 F.3d 379 (4th Cir. 2004) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). As such, the standard of review for a motion for judgment on the pleadings under Rule 12(c) is identical to that of a motion to dismiss for failure to state a claim under Rule 12(b)(6), making the decision as to which applies irrelevant as a practical matter. Id.; see also Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002).

> Accordingly, the Court will assume that the facts alleged in the Complaint are true and will draw all reasonable inferences in Plaintiff's favor as the nonmoving party. Burbach, 278 F.3d at 405-06. However, while the Court "take[s] the facts in the light most favorable to the [P]laintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." Giarratano v.

Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting
Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,
213 F.3d 175, 180 (4th Cir. 2000)). Additionally, the
Complaint must allege "enough facts to state a claim
to relief that is plausible on its face." Id. (citing
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127
S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 723

(M.D.N.C. 2012). "However, unlike on a Rule 12(b)(6) motion, on

a Rule 12(c) motion the Court may consider the Answer as well,"

and the "factual allegations in the Answer are taken as true to

the extent they have not been denied or do not conflict with the

Complaint."   Id. at 724 (internal quotations and citations

omitted); see Fed. R. Civ. P. 8(b)(6) ("If a responsive pleading

is not required, an allegation is considered denied or

avoided.").   Additionally, judgment on the pleadings is only

appropriate when, taking all of the non-moving party's factual

allegations as true, no genuine issues of material fact remain

and the case can be determined as a matter of law. Smith v.

McDonald, 562 F.Supp. 829, 842 (M.D.N.C. 1983), aff'd, 737 F.2d

427 (4th Cir. 1984), aff'd, 472 U.S. 479, (1985).

### III. DISCUSSION

### A. Plaintiff's Motion to Dismiss Defendant's Counterclaims

Plaintiff requests dismissal of Defendant's counterclaims

under Fed. R. Civ. Pro. 12(b)(6) and/or Fed. R. Civ. Pro. 12(f),

depending on the counterclaim in question.   Therefore, the Court

will address Plaintiff's motion to dismiss with regard to each

counterclaim individually.

## 1. Counterclaim 1—Declaratory Judgment of Non-Infringement

Pro-Concepts requests that Resh's counterclaim for declaratory judgment be stricken or dismissed on two bases. Pro-Concepts' first argument is that the counterclaim is a "mirror image claim" duplicative of both Pro-Concepts claim for trademark infringement and Resh's affirmative defense of non-infringement and should be stricken under Rule 12(f). Pro-Concepts' second argument is grounded in their assertion that the court has discretion to decline to entertain a counterclaim for declaratory judgment such as Resh's.

While Resh's counterclaim for declaratory judgment of non-infringement is duplicative of Resh's affirmative defense of non-infringement as well as Pro-Concepts claim for trademark infringement, it "is a 'generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant.'" Builders Mut. Ins. Co., 709 F. Supp. 2d at 437 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d. ed. 2004)). Pro-Concepts has failed to make any showing of prejudice. Thus, Pro-Concepts' first argument, requesting that the Court strike Defendant's Counterclaim 1 as duplicative, is not persuasive.

However, with respect to Pro-Concepts' second argument, it

12

is within the court's sound discretion to dismiss counterclaims for declaratory judgment when those declaratory judgment claims would be fully adjudicated and resolved by the resolution of plaintiff's claims and defendant's asserted affirmative defenses. Wilton v. Seven Falls Co., 515 U.S. 277, 283 & 287 (1995). As Resh's counterclaim for declaratory judgment of non-infringement would be fully adjudicated and resolved by the resolution of Pro-Concepts' claim of trademark infringement and Resh's affirmative defense of non-infringement, the Court choses to exercise its discretion and declines to entertain this counterclaim. Therefore, Resh's counterclaim for declaratory judgment of non-infringement is dismissed.

### 2. Counterclaim 2—Computer Fraud and Abuse

Pro-Concepts argues that Resh's counterclaim for computer fraud and abuse should be dismissed under Rule 12(b)(6) for failure to state a claim. Pro-Concepts asserts that the language of the counterclaim alleging breach of the Computer Fraud and Abuse Act mirrors the language in 18 U.S.C. § 1030(a)(2). Pro-Concepts further asserts that Resh fails to state sufficient facts to support the claim elements of intentional access, "protected computer," and the jurisdictional damage and loss prerequisites under 18 U.S.C. § 1030(a)(2).

The Court agrees with Pro-Concepts' argument that the language used in Resh's counterclaim 2 mirrors that used in 18

U.S.C. § 1030(a)(2) and the Court therefore interprets Resh's counterclaim as asserting a civil claim under § 1030(g) and § 1030(a)(2).

With regard to the element of intentional access, Pro-Concepts argues specifically that Resh fails to provide sufficient details as to how, when, and what private information was intentionally accessed by Pro-Concepts. In support of this argument, Pro-Concepts cites to <u>Atlantic Recording Corp. v. Serrano</u>, 2007 U.S. Dist. LEXIS 95203 (S.D. Cal. Dec. 28, 2007), a case that did not involve a pro se litigant. Of course, due to Resh's status as a pro se litigant, the Court is required to apply a less stringent standard to Resh's pleadings than it would to formal pleadings. In his factual statements, Resh acknowledges that he removed his servers before Pro-Concepts could access them, seemingly negating any intentional access to such servers by Pro-Concepts. However Resh never mentions any recovery of the "SDD drive"[2] he previously references in his factual assertions accompanying his counterclaims. This is sufficient, because Resh has described what was allegedly accessed ("SDD drive"), when it was accessed (sometime after his departure, is the reasonable inference), and how it was accessed (asserting Pro-Concepts maintained physical possession). Therefore, viewing the facts in the light most favorable to the

---

[2] The Court believes "SDD drive" to be a typo of "SSD drive."

non-movant, in this instance Resh, he states a plausible claim that Pro-Concepts intentionally accessed such drive.

With regard to the disputed "protected computer" element, 18 USC § 1030(e)(1) & 2 define a "protected computer" as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device preforming logical, arithmetic, or storage functions". . . "which is used in or affecting interstate or foreign commerce or communication."   Resh states that the "SDD[sic] drive" was at his former place of employment, where it was presumably used in his work developing software for Pro-Concepts.   Pro-Concepts stated in the Complaint that its customers "come from different locations, including locations outside the Commonwealth of Virginia."   Thus it is plausible to infer that the "SDD[sic] drive" left by Resh at his place of employment, was used in his employment developing software for sale in interstate commerce.   Thus, Resh has stated a plausible claim for relief with regard to this factor as well.

As to the asserted failure of Resh to sufficiently allege damages and loss, the Court notes that 18 U.S.C. § 1030(e)(11) defines "loss" as:

> "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service."

In order to pursue a civil action under 18 U.S.C. § 1030(g), a "loss to 1 or more persons during any 1-year period. . . aggregating at least $5,000 in value". . . "limited to economic damages" must be alleged.   Resh has alleged a loss exceeding $100,000 in the counterclaim and a loss of "$2,256,000" in rental fees in his allegation of background facts.

It is not within the Court's discretion to rule on the reasonableness of these allegations, nor their likelihood of success.   Twombly, 550 U.S. at 556.   At a Rule 12(b)(6) stage, it is the duty of the Court to determine if the claimant has alleged sufficient facts to plausibly state a claim for relief and the claim of a pro se litigant "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   Estelle, 429 U.S. at 106 (internal citations omitted).

Therefore, viewing the facts alleged in the light most favorable to Resh and applying the less stringent standard applicable to the pleadings of pro se litigants, Haines, 404 U.S. at 520-521, Resh has stated a plausible claim for relief with regard to the counterclaim for computer fraud and abuse.

### 3. Counterclaim 3—Civil Conspiracy

Resh's counterclaim for civil conspiracy alleges damages resulting from the conspiracy between Pro-Concepts' "employees

16

O'Rourke and Edwards."   However, neither Mr. O'Rourke nor Mr. Edwards are parties to the instant action.   Furthermore, "under the intracorporate immunity doctrine, acts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with the corporation."   ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 179 (4th Cir. 2002).   Thus, Resh has failed to state a claim for civil conspiracy because he did not name Mr. O'Rourke and Mr. Edwards as counterclaim defendants.   Even if they had been named, this counterclaim would fail to state a claim for relief due to the bar of intracroporate immunity.

While the Court is required to interpret the pleadings of pro se litigants liberally, it is not required to act as an advocate and is not required to construct arguments not raised by the pro se litigant.   Erickson, 551 U.S. at 94.   Therefore, Resh's counterclaim 3, alleging civil conspiracy, fails to state a claim for relief and is dismissed.

### 4. Counterclaim 4—Declaratory Relief

Pro-Concepts argues for the dismissal of this counterclaim for its failure to comport with the purpose of the Declaratory Judgment Act and the inappropriateness of several of the counterclaim sub-claims which assert defenses to a copyright action, as the instant case is a trademark action. Specifically, Pro-Concepts argues that the purpose of the

17

Declaratory Judgment Act is to avoid the accrual of avoidable damages to a party uncertain of its rights, while Resh's stated purpose in the counterclaim is to prevent "fishing expeditions."

Putting aside the issue of whether the described "fishing expeditions" would cause the accrual of avoidable damages, the Court agrees that those "subclaims" of paragraph 86 of the Counterclaim that request relief based on defenses to copyright claims fail to state a claim for relief in the instant case as there can be no relief from claims which are nonexistent. Furthermore, several of the "subclaims" request declaratory judgment on several issues which are also nonexistent in the instant case.

For example, "subclaim (a)" asserts that "Plaintiff's technical method of attempting to identify infringement within the State of Virginia is legally insufficient." Answer, ¶ 86(a), ECF No. 16. However, there are no facts alleging that Pro-Concepts used any method of identifying infringement other than first person knowledge of the use of the trademark by Resh. As such, this counterclaim "subclaim" fails to state a plausible claim for relief, even under the less stringent pleading standard applied to pro se litigants.

"Subclaim (b)" asserts "Plaintiff's use of ex parte representations of fact to Courts of Record within the United States of America to obtain Defendant's protected confidential,

and personal information in a manner prohibited by FRCP, Rule 11(b) and Federal Criminal Law." Answer, ¶ 86(b), ECF No. 16. However, no ex parte representations of fact have been presented to this Court—the only Court of Record involved in this matter— to obtain protected information. As such, this counterclaim "subclaim" fails to state a plausible claim for relief, even under the less stringent pleading standard applied to pro se litigants.

"Subclaim (c)" asserts "Plaintiff's[sic] misjoined their individual claims for infringement by false representation of ownership and/or control of copyrights. . . [and] that no relief whatsoever can be granted to Plaintiff's[sic] because, as such, Plaintiffs are not collectively the Real Parties in interest." Answer, ¶ 86(c), ECF No. 16. However, there is only a single Plaintiff in the instant action and there has been no joinder. Furthermore, there are no copyrights at issue in the instant case. As such, Resh has failed to allege sufficient facts to state a plausible claim for relief on this counterclaim "subclaim," even under the less stringent pleading standard applied to pro se litigants.

"Subclaim (d)" asserts "Plaintiffs failed to join all known, indispensable parties in interest who, based on Plaintiffs' own claims of infringement against Defendant, have infringement claims such that complete relief cannot be afforded

19

unless and until all indispensable parties are joined." Answer, ¶ 86(d), ECF No. 16. Resh fails to state in his Counterclaim who the alleged indispensable party is and fails to state any facts supporting his allegation that there might be an indispensable party to be joined. Therefore, Resh fails to state a claim for relief with regard to counterclaim "subclaim (d)."

"Subclaim (e)" asserts "Plaintiffs are barred from enforcing copyright claims under the doctrines of Fair Use, Waiver, and/or Laches by failure to affix identifiable copyright notices on all copyrighted websites namely RISKRADAR.COM." Answer, ¶ 86(e), ECF No. 16. However, there are no copyright claims at issue in this case and as such, this "subclaim" of Counterclaim 4 fails to state a claim for relief and is subject to dismissal pursuant to Rule 12(b)(6). Furthermore, even were the Court to liberally treat these copyright defenses as defenses to Pro-Concepts claim of trademark infringment, such defenses would be duplicative of Resh's affirmative defenses and, for the reasons stated above, the Court would decline to entertain the request for declaratory judgment.

"Subclaim (f)" asserts that "Plaintiff's claim to 'statutory damages' under 17 U.S.C. § 504(c) is unconstitutional." However, as Pro-Concepts does not claim statutory damages under 17 U.S.C. § 504(c), Resh cannot request

such relief.   Therefore, Resh fails to state a claim for relief with regard to counterclaim "subclaim (f)."

Thus, as discussed above, Resh fails to state a claim for relief in any of the "subclaims" of "Counterclaim 4. Declaratory Relief," and as such fails to state a claim for relief with regard to that counterclaim as a whole.   Resh's counterclaim for declaratory relief is therefore dismissed.

## 5. Counterclaim 5—Breach of Implied Duty of Good Faith and Fair Dealing

Pro-Concepts argues that this claim should be dismissed because there is no independent cause of action for the breach of an implied covenant of good faith and fair dealing in Virginia.   Pro-Concepts' assertion, that "the failure to act in good faith does not constitute an independent tort" in Virginia, is correct.   Goodrich Corp. v. BaySys Technologies, LLC, 873 F. Supp. 2d 736, 742 (E.D. Va. 2012) (citing Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A., 466 S.E.2d 382, 385 (1996); Allaun v. Scott, 59 Va. Cir. 461, 465 (2002)).   As the Supreme Court of Virginia has noted:

> "Thus, while a duty of good faith and fair dealing exists under the U.C.C. as part of every commercial contract, we hold that the failure to act in good faith under § 8.1-203 does not amount to an independent tort.   The breach of the implied duty under the U.C.C. gives rise only to a cause of action for breach of contract."

Charles E. Brauer Co., Inc., 466 S.E.2d at 385.   Moreover, the

21

Goodrich Court held that where an allegation of "breach of the implied duty of good faith and fair dealing is sufficiently plead as a mechanism through which [Defendant] allegedly breached its contract," it is "incorporated under the umbrella of a breach of contract claim" and is not viewed as an allegation of an independent tort. Goodrich Corp., 873 F. Supp. 2d at 742.

In his counterclaims, Resh does not allege breach of a contract, such as the employment agreement attached to the complaint, at any point. Furthermore, Resh does not allege any facts in this particular counterclaim (for breach of the implied duty of good faith and fair dealing) that assert a breach of contract by Pro-Concepts. This counterclaim merely alleges that Resh reasonably relied on Mr. O'Rourke's statements regarding potential ownership interests in the company to Resh's detriment.

Counterclaim 5—alleging breach of the implied duty of good faith and fair dealing—is not pled as a breach of contract claim. Therefore, the Court views the allegations as an breach of contract claim. As explained above, there is no such independent cause of action under Virginia law. As such, Resh has failed to state a claim for relief. Thus, Resh's "Counterclaim 5" for breach of the implied duty of good faith and fair dealing is dismissed pursuant to Rule 12(b)(6).

### 6. Counterclaim 6—Equitable Estoppel

Pro-Concepts asserts that Resh's counterclaim for equitable estoppel should be dismissed for failure to state a claim as there is no recognized cause of action for equitable estoppel in Virginia. Pro-Concepts' assertion is correct as, "[i]n Virginia, 'there is no recognized cause of action for [equitable] estoppel,' and the doctrine is usually asserted as a 'shield' rather than a 'sword.'" Virginia Power Energy Mktg., Inc. v. EQT Energy, LLC, 3:11CV630, 2012 WL 2905110 at *10, 2012 U.S. Dist. LEXIS 98553 at *29 (E.D. Va. July 16, 2012) (not reported) (citing Parker v. Westat, Inc., 301 F. Supp. 2d 537, 544 (E.D. Va. 2004) (citing Meriweather Mowing Serv. v. St. Anne's-Belfield, Inc., 51 Va. Cir. 517, 519 (Va. Cir. 2000))). Thus, Resh has failed to state a claim for relief and the counterclaim for equitable estoppel is dismissed pursuant to Rule 12(b)(6).

### 7. Counterclaim 6—Fraud

Pro-Concepts argues that Resh's counterclaim for fraud should be dismissed because he 1) fails to state a claim for fraudulent inducement under Virginia state law, and 2) fails to plead the claim with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b). Resh's counterclaim states that Resh "reasonably relied on misleading statements, omissions, and actions of Plaintiff" and that Pro-Concepts "took

23

such actions fraudulently to induce Defendant to enter into the Employment Agreement." Answer, ¶ 93-94, ECF No. 16.

> "To state a cause of action for fraudulent inducement of contract under Virginia law, a plaintiff must allege that the defendant made 'misrepresentations [that] were "positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract."' Lucas v. Thompson, 61 Va. Cir. 44, 2003 WL 483831 (Va. Cir. Ct. 2003) (quoting Brame v. Guarantee Fin. Co., 139 Va. 394, 124 S.E. 477 (1924))."

Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 452 (E.D. Va. 2009). Furthermore, to "satisfy Rule 9(b), a plaintiff asserting a claim under the Act 'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 455-56 (4th Cir. 2013) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008)).

Resh alleges that Mr. O'Rourke, of Pro-Concepts, made material representations to him that he could purchase an ownership interest in Pro-Concepts and that Mr. O'Rourke later refused to enter into such an agreement. However, Resh does not allege that Mr. O'Rourke's representations of fact induced him to enter into the employment contract. Rather, Resh states that "[a]s a result of O'Rourke and Edwards [sic] refusal to

write a letter of recommendation force [sic] was forced to accept employment with Pro-Concepts under terms and conditions that were not favorable to Resh." Answer, ¶ 46, ECF No. 16. Resh also states that "[a]fter several attempts by Resh to establish an employment plan with interest sharing, Resh realized that O'Rourke had no intention of offering any type of profit sharing which was in contrast to O'Rourke's original statements of ownership." Id. at ¶ 49.

The facts alleged by Resh do not support an assertion that Resh was fraudulently induced to enter into the employment contract. To the contrary, they support only the inference that Mr. O'Rourke made one representation and then, prior to Resh's entrance into the employment contract, made a contrary representation. Thus, Resh was aware that the first representation of an offer of ownership interest was no longer on the table prior to entering into the employment contract.

For the reasons stated, Resh has failed to allege a cause of action for fraudulent inducement under Virginia law that satisfies the general pleading standards of Rule 8, Twombly, and Iqbal. Resh has also failed the Rule 9(b) requirement that fraud be pleaded with particularity as Resh has failed to allege what specific statements or representations were made, when they were made, and where they were made. Therefore, Resh's counterclaim for fraud is dismissed pursuant to Rule 12(b)(6)

for failure to state a claim for relief.

### B. Defendant's Motion to Dismiss Plaintiff's Claims

Resh does not expressly state the grounds on which he seeks dismissal of Pro-Concepts' claims. The Court interprets Resh's motion as a Rule 12(c) motion for judgment on the pleadings based on the timing of Resh's filing of the motion to dismiss, and based on Resh's assertion that "Defendant's Responses and Defenses as stated in his Answers and Counterclaims are sufficient to dismiss Plaintiff's claims." Def.'s Mot. to Dismiss, ¶ 11, ECF No. 24. Since Resh filed an answer to the complaint on January 23, 2013, prior to the filing of the instant motion, the motion "is properly filed not under Rule 12(b)(6), but instead under Rule 12(c)." Sherman v. Litton Loan Servicing, L.P., 796 F. Supp. 2d 753, 757-58 (E.D. Va. 2011); Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). This conversion of Resh's motion from a motion to dismiss to a motion for judgment on the pleadings is necessary because Rule 12(b) provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." See Edwards, 178 F.3d at 243. This conversion is accomplished through the operation of Fed. R. Civ. Pro. 12(h)(2), which allows a party to raise the defense of failure to state a claim for relief under Rule 12(b)(6) after a responsive pleading has been made by way of a motion for judgment on the pleadings under

Rule 12(c).

Furthermore, Resh asserts a defense of failure to state a claim for relief within his Answer, but does not contest the Court's jurisdiction over this case. Accordingly, Resh's motion is most fairly interpreted as a request for judgment on the pleadings based on Fed. R. Civ. Pro. 12(b)(6). See Walker, 589 F.3d at 139 (Rule 12(c) motions are "assessed under the same standard that applies to a Rule 12(b)(6) motion.").

Since Resh is proceeding as a pro se litigant, it is understandable that Defendant's motion fails to cite proper legal authority and appears to confuse various legal theories. In order to ensure proper consideration of Defendant's arguments and clarity of the Court's decision, the Court will address the motion paragraph by paragraph.

### 1. Paragraphs 1-10 of Defendant's "Motion to Dismiss"

Paragraphs 1 and 2 re-affirm Resh's status as a pro se litigant proceeding without the benefit of counsel. While Resh's pro se status affects the Court's consideration of Resh's pleadings due to the less stringent standard applied to the pleadings of a pro se litigant, it does not affect the Court's consideration of Pro-Concepts' pleadings under Rule 8, Twombly, and Iqbal.

Paragraphs 3, 4, and 7 contain assertions and statements regarding a settlement conference between the parties and

27

conduct and statements allegedly made by Plaintiff or Plaintiff's counsel during the settlement conference. Under Federal Rule of Evidence 408(a)(2), "conduct or a statement made during compromise negotiations about the claim" is inadmissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Due to the operation of Fed. R. Evid. 408(a)(2), the Court is prohibited from considering the statements and assertions made by Defendant in paragraphs 3, 4 and 7 of Defendant's motion.

Paragraph 6 merely restates the affirmative defense of innocence already alleged in Defendant's Answer, which, as part of the Answer, is already within the Court's purview on a Rule 12(c) motion. Additionally, as it is Pro-Concepts' pleadings, not Resh's, which are under scrutiny on Resh's motion for judgment on the pleadings, Resh's assertions of affirmative defenses are irrelevant to the Court's analysis.

Paragraphs 5, 8, and 9 comprise new allegations of misconduct on the part of Plaintiff and Plaintiff's counsel. A motion for judgment on the pleadings, where the court's consideration is limited to the Complaint and Answer, Mendenhall, 856 F. Supp. 2d at 724, is not an appropriate vehicle for new assertions regarding misconduct by the opposing party. Furthermore, excluding the above inadmissible assertions

28

regarding statements made at the settlement conference, Defendant offers no factual basis for the allegations of misconduct on the part of Plaintiff and Plaintiff's counsel in paragraphs 5, 8, and 9; notwithstanding paragraph 10's elaboration upon the alleged harm to Defendant's reputation and ability to secure employment caused by this suit, and his attempts to provide further evidence in support thereof. Despite Resh's status as a pro se litigant, it is not for the Court to act as an advocate for Resh, nor is it the Court's duty to remedy Resh's procedural error and search for support for these allegations.

While the Court is required to liberally construe the pleadings of a pro se party, the Court may not act as an advocate and construct a pro se party's arguments for them. Erickson, 551 U.S. at 94; Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.")). Despite this, "it is incumbent on [the court] to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); see also Gordon v. Leeke, 574 F.2d 1147,

1151 (4th Cir. 1978) (where the Fourth Circuit adopted the phrasing of the district court in Canty regarding case law—"'district courts must be especially solicitous of civil rights plaintiffs. . . [a]ccordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.'" Canty v. City of Richmond, Va., Police Dept., 383 F.Supp. 1396 (E.D. Va. 1974), aff'd, 526 F.2d 587 (4th Cir. 1975), cert. denied, 423 U.S. 1062 (1976)).

However, the United States Supreme Court has stated "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993) ("As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'"). Therefore, it is not the duty of the Court to amend Defendant's counterclaims to include the allegations which Defendant asserts in his motion to dismiss. Nor is it the duty of the Court to search the record for factual, valid, and admissible support for these arguments.[3]

---

[3] "Thus, although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal

30

_Garrett_, 425 F.3d at 840.  Thus, the Court is not required to remedy Defendant's error in attempting to assert new allegations of misconduct through the inappropriate vehicle of a judgment on the pleadings.

For the reasons stated above, the Court may not consider paragraphs 3-5 and 7-10 of Defendant's motion for dismissal of Plaintiff's claims.  Paragraphs 1, 2, and 6 restate factors and a defense, which are all already presented in Resh's Answer and Counterclaims and which do not affect the Court's analysis of Pro-Concepts' claims under Rule 12(b)(6).  Therefore, paragraphs 1-10 are inadmissible or irrelevant to the Court's analysis of Resh's motion for a judgment on the pleadings.

### 2. Paragraph 11 of Defendant's "Motion to Dismiss"

As discussed above, the Court interprets Resh's "Motion to Dismiss Plaintiff's Claims" as a motion for judgment on the pleadings.  The same standard applies to a Rule 12(c) motion for judgment on the pleadings as applies to a Rule 12(b)(6) motion to dismiss.  _Walker_, 589 F.3d at 139.  As such, Pro-Concepts' claims will be dismissed if, drawing all reasonable inferences in favor of the non-movant (Pro-Concepts), Pro-Concepts has failed to allege facts sufficient to state a plausible claim for

---

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]' _Hall_, 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." _Garrett_, 425 F.3d at 840.

relief. <u>Kensington Volunteer Fire Dep't</u>, 684 F.3d at 467; <u>Iqbal</u> 556 U.S. at 678.

Pro-Concepts asserts that Resh has failed to sufficiently argue for dismissal of Pro-Concepts' claims and that in any case dismissal of Pro-Concepts' claims would be inappropriate as they meet the general pleading standards of Federal Rule of Civil Procedure 8. It is true that, generally, "[t]he party moving for dismissal has the burden of showing that no claim has been stated." James Wm. Moore, et al., <u>Moore's Federal Practice - Civil</u> § 12.34(1)(a) (3d ed. 2010). Furthermore, as district courts "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record," <u>Garrett</u>, 425 F.3d at 840, those courts are not required "to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). However, Resh, as a pro se litigant, has at least presented the Court with the question of whether Pro-Concepts has failed to state a claim for relief. Therefore, the Court will examine below whether Pro-Concepts has complied with the pleading standards of Rule 8, <u>Iqbal</u> and <u>Twombly</u>.

As already stated, Pro-Concepts asserts seven claims in its Complaint; Count I—trademark infringement under the Lanham Act, Count II—false designation of origin under 15 U.S.C. § 1125(A), Count III—cybersquatting under 18 U.S.C. § 1125(d), Count IV—

unfair competition under Virginia state law, Count V—trademark dilution under Virginia state law, Count VI—breach of contract under "Virginia common law," Count VII—conversion under "Virginia common law." Compl., ECF No. 1.  The Court will examine each count to determine whether it sufficiently states a claim for relief under the Rule 12(b)(6) standard utilized in a Rule 12(c) motion for judgment on the pleadings.

Count I, which claims trademark infringement under the Lanham Act, will be analyzed in conjunction with Count IV, which claims unfair competition under Virginia state law, because "[t]he elements of trademark infringement and unfair competition under the Lanham Act are identical to the elements of unfair competition under Virginia state law." Gov't Employees Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 702 (E.D. Va. 2004) (citing Lone Star Steakhouse & Saloon v. Alpha of Virginia, 43 F.3d 922, 930 n. 10 (4th Cir. 1995)).

"A plaintiff alleging causes of action for trademark infringement and unfair competition must show 1) that it possesses a mark; 2) that the defendant used the mark; 3) that the defendant's use of the mark occurred "in commerce"; 4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods and services; and 5) that the defendant used the mark in a manner likely to confuse customers." Gov't Employees Ins. Co., 330 F.

Supp. 2d at 702.   Pro-Concepts has successfully alleged that Resh used the mark and that Resh's use was "in commerce" through assertions of Resh's registration and use of the "RRE" website, www.riskradarenterprise.com.

With regard to the first element, a plaintiff must also allege that a particular mark is eligible for protection, which requires a mark be more than merely descriptive.  Buffalo Wings Factory, Inc. v. Mohd, 622 F. Supp. 2d 325, 334 (E.D. Va. 2007). Pro-Concepts has done so through its submittal of a valid federal trademark registration with the Complaint, as a valid federal trademark registration is prima facie evidence of eligibility for protection because "the Patent and Trademark Office may not grant registration to a mark which it finds to be 'merely descriptive.'"  Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1528 (4th Cir. 1984); Compl., Ex. 1, ECF No. 1.   Pro-Concepts also satisfactorily alleged the required element of possession of the mark by Pro-Concepts through the submittal, with the Complaint, of the trademark assignment naming Pro-Concepts as the new owner of the mark "Risk Radar." Compl., Ex. 2, ECF No. 1.

Additionally, with regard to the fourth element, Pro-Concepts need not allege that Resh actually sold goods or services using the registered mark.   "In the Fourth Circuit's PETA decision, it specifically rejected the argument that the

34

defendant's use of the PETA trademark in a domain name was not in connection with goods and services: '[the defendant] need only have prevented users from obtaining or using PETA's goods or services, or need only have connected the website to other's goods or services.'" Gov't Employees Ins. Co., 330 F. Supp. 2d at 703 (citing People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 365 (4th Cir. 2001)). Thus, with this understanding of the element "in connection with goods and services," Pro-Concepts has pled sufficient facts to state a claim for relief on both Count I and Count IV of the Complaint.

With respect to the false designation of origin claim, the Fourth Circuit has stated that, in order to prevail on a claim of false designation of origin, a plaintiff must prove the same five elements as discussed above with regard to trademark infringement and unfair competition. Lamparello v. Falwell, 420 F.3d 309, 313 (4th Cir. 2005). Thus, for the same reasons discussed above, Pro-Concepts has also sufficiently stated a plausible claim for relief as to Count II—false designation of origin under the Lanham Act.

With regard to Count III, cybersquatting under 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act ("ACPA") "creates a cause of action for cybersquatting against anyone who registers, traffics in, or uses a domain name that is identical or confusingly similar to a trademark with the bad faith intent

35

to profit from the good will associated with the trademark."
Hawes v. Network Solutions, Inc., 337 F.3d 377, 383 (4th Cir.
2003) (citing 15 U.S.C. § 1125(d)(1)).   Pro-Concepts has
sufficiently alleged a claim for relief with regard to the
elements of registration and use of the domain name by Resh, as
well as the element requiring that the domain name be "identical
or confusingly similar to" Pro-Concepts' trademark.

However, Pro-Concepts must also have plausibly alleged that
Resh's registration and use of the domain name was done with a
bad faith intent to profit, utilizing the standard in 15 U.S.C
§1125(d)(1).[4]  The facts alleged in the Complaint state that Resh

---

[4] "(i) In determining whether a person has a bad faith intent described
under subparagraph (A), a court may consider factors such as, but not
limited to--
   (I) the trademark or other intellectual property rights of the
   person, if any, in the domain name;
   (II) the extent to which the domain name consists of the legal
   name of the person or a name that is otherwise commonly used to
   identify that person;
   (III) the person's prior use, if any, of the domain name in
   connection with the bona fide offering of any goods or services;
   (IV) the person's bona fide noncommercial or fair use of the mark
   in a site accessible under the domain name;
   (V) the person's intent to divert consumers from the mark owner's
   online location to a site accessible under the domain name that
   could harm the goodwill represented by the mark, either for
   commercial gain or with the intent to tarnish or disparage the
   mark, by creating a likelihood of confusion as to the source,
   sponsorship, affiliation, or endorsement of the site;
   (VI) the person's offer to transfer, sell, or otherwise assign
   the domain name to the mark owner or any third party for
   financial gain without having used, or having an intent to use,
   the domain name in the bona fide offering of any goods or
   services, or the person's prior conduct indicating a pattern of
   such conduct;
   (VII) the person's provision of material and misleading false
   contact information when applying for the registration of the

36

acquired the domain "on behalf of ASC, who then owned rights to the Mark" and that upon the transfer of trademark rights from ASC to Pro-Concepts, Resh redirected the domain to the Pro-Concepts website at Pro-Concepts request.   Compl., ¶ 20 & 22, ECF No. 1.   However, Resh's later alleged redirection of the domain away from the Pro-Concepts website is sufficient, viewing all reasonable inferences in favor of Pro-Concepts as the nonmoving party, to create a plausible inference of bad faith intent to profit.   Thus, Pro-Concepts has alleged sufficient facts to state a claim for relief on Count III.

In Count V, Pro-Concepts requests relief under Virginia state law for trademark dilution.   However, Virginia does not have a trademark dilution law.   Circuit City Stores, Inc. v. OfficeMax, Inc., 949 F. Supp. 409, 418 (E.D. Va. 1996) (explaining that prior to the enactment of the Federal Trademark

---

domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
**(VIII)** the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
**(IX)** the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c) of this section.
**(ii)** Bad faith intent described under subparagraph (A) shall not be found in any case in which the court determines that the person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful."
15 U.S.C.A. § 1125(d)(1)(B).

Dilution Act, "owners of locally famous marks in states like Virginia, which do not have trademark dilution laws, might have had no recourse against the actions of businesses using their marks when confusion was not likely.") As Pro-Concepts is not a pro se litigant, the Court is not required to interpret Pro-Concepts pleading liberally and as a plaintiff cannot request relief under a law which does not exist, Pro-Concepts has failed to state a claim for relief from trademark dilution under Virginia state law.

With regard to Count VI, Pro-Concepts alleges that Resh breached the employment contract between Pro-Concepts and Resh by failing to return copies of Pro-Concepts software upon request. "The elements of a Virginia breach of contract claim are: (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) resulting injury or harm to the plaintiff." Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 449 (E.D. Va. 2009) (citing Filak v. George, 267 Va. 612, 594 S.E.2d 610, 614 (2004)). Pro-Concepts has alleged that Resh took their software and failed to return it upon termination of his employment, as required by the employment contract attached to the Complaint, thus resulting in injury to Pro-Concepts from the cost of reconstructing the software. Compl., ¶ 25-27 & Ex. 3, ECF No. 1. Therefore, Pro-Concepts has alleged sufficient facts

to state a plausible claim for breach of contract.

In Count VII, Pro-Concepts claims conversion by Resh of Pro-Concepts' software through his refusal to return it upon termination of his employment. "In Virginia, a conversion claim requires (1) ownership or right to possession of property at the time of the conversion, and (2) the defendant's wrongful exercise of dominion or control over the plaintiff's property, depriving the plaintiff of possession." Enomoto, 624 F. Supp. 2d at 457 (citing United Leasing Corp. v. Thrift Ins. Corp., 247 Va. 299, 440 S.E.2d 902, 905 (1994)). Therefore, Pro-Concepts has also alleged sufficient facts to state a plausible claim for conversion, as Pro-Concepts has alleged that Resh took Pro-Concepts' software with the intent to deprive Pro-Concepts of such software.

In summary, Pro-Concepts appears to allege facts sufficient to state a plausible claim for relief with regard to Counts I, II, III, IV, VI, and VII and, thus, to have met the general pleading standards set forth in Rule 8, Iqbal and Twombly. However, Pro-Concepts failed to state a claim for relief with regard to Count V, which alleged trademark dilution under Virginia state law. Therefore, Defendant's motion for judgment on the pleadings is denied with respect to Counts I, II, III, IV, VI, and VII, but granted with respect to Count V.

## IV. CONCLUSION

The Court has determined that a hearing on the instant motions is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument, see Fed.  R.  Civ.  P. 78(b); E.D. Va. Loc. Civ. R. 7(J). Therefore, the Court **DENIES** Plaintiff's Request for a Hearing on Defendant's and Plaintiff's motions to dismiss.  ECF No. 26.

Based on the detailed analysis above, the Court **GRANTS, in part, and DENIES, in part,** Plaintiff's Motion to Dismiss Defendant's Counterclaims.  ECF No. 21.  The Court **GRANTS** Plaintiff's Motion to Dismiss Defendant's Counterclaims 1, 3, 4, 5, 6, and 7, because, even viewing all facts and plausible inferences in favor of Defendant under the less stringent standard applied to pro se litigants, Defendant failed to state a claim for relief with respect to Counterclaims 1, 3, 4, 5, 6, and 7.  The Court **DENIES** Plaintiff's Motion to Dismiss Defendant's Counterclaim 2 for Computer Fraud and Abuse, because applying the less stringent standard for pro se litigants and viewing all facts and inferences in Defendant's favor, Defendant states a plausible claim for relief.

For the reasons stated above, Defendants' Motion to Dismiss, which is treated as a Motion for Judgment on the Pleadings, is **DENIED, in part,** and **GRANTED, in part**.  ECF No.

24.   Defendant's Motion to Dismiss is **DENIED** with regard to Plaintiff's Counts I, II, III, IV, VI, and VII because, after viewing the facts and all reasonable inferences in Plaintiff's favor, Defendant has not shown Plaintiff's failure to state a claim for relief with regard to Counts I, II, III, IV, VI, and VII.   Defendant's Motion to Dismiss Plaintiff's Count V is **GRANTED**, because even viewing the facts and all reasonable inferences in Plaintiff's favor, Plaintiff failed to state a claim for relief with respect to Count V.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February || , 2014